UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
DAVID BURLINGAME, :
:
:
Plaintiff, :
: 25-CV-1704 (JMF)
-v- :
: MEMORANDUM OPINION
ARGO PRIVATE CLIENT GROUP, LTD. et al., : AND ORDER
:
Defendants. :
:
-----------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this lawsuit, Plaintiff David Burlingame alleges that a host of Defendants orchestrated a "sophisticated and ongoing fraudulent investment scheme" that caused him significant financial losses. ECF No. 42 ("FAC"), ¶ 1. Burlingame seeks relief under various federal statutes as well as state law. *Id.* Now pending are two motions to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. In the first, Defendant RME, LLC, which does business as LeadingResponse, LLC ("LeadingResponse") moves, pursuant to Rule 12(b)(6), to dismiss all of Burlingame's claims against it. *See* ECF No. 43. In the second, the remaining Defendants (collectively, the "Aurora Hill Defendants")[1] move, pursuant to Rules 12(b)(3), 12(b)(5), and 12(b)(6), to dismiss. *See* ECF No. 45. For the reasons that follow, LeadingResponse's motion to dismiss for failure to state a claim is GRANTED, and the case is hereby TRANSFERRED to the United States District Court for the Northern District of Ohio. The Court otherwise DENIES the Aurora Hill Defendants' motions to dismiss without prejudice to renewal following transfer.

---

[1] The Aurora Hill Defendants are Argo Private Client Group; Beechwood Investors Group, LLC; Aurora Hill, Ltd.; Dan Miller; Allison Miller; Ryan Nelson; and Suede Nights LLC.

LeadingResponse's motion to dismiss requires little discussion.[2] The twenty-three-page Amended Complaint does not even list LeadingResponse as a party or named defendant in any cause of action, *see* FAC ¶¶ 18-25, and it contains only two passing mentions of LeadingResponse, *id.* ¶¶ 8, 38, the second of which is just a repetition of the first, *id.* More to the point, the Amended Complaint itself contains no specific allegations that LeadingResponse knew of, participated in, or benefitted from any alleged fraud, let alone that it engaged in any conduct giving rise to legal liability.[3] Thus, the allegations fail to meet the requirements of Rule 8(a), to say nothing of the heightened pleading requirements of Rule 9(b) that apply because Burlingame alleges fraud. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007); *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 108 (2d Cir. 2012). Accordingly, LeadingResponse's motion to dismiss must be and is GRANTED. Furthermore, given that Burlingame has had several opportunities to amend his complaint, *see* ECF Nos. 15, 41, and the defects in his claim against LeadingResponse are substantive, the Court denies Burlingame leave to amend to revive his claims against LeadingResponse. *See, e.g.*, *Roundtree v. NYC*, No. 19-

---

[2] Unlike the Aurora Hill Defendants, LeadingResponse does not challenge venue or service, *see* ECF No. 44 ("LeadingResponse Mem."), and, thus, has waived those challenges. *See, e.g.*, *Tri-State Emp. Servs., Inc. v. Mountbatten Sur. Co.*, 295 F.3d 256, 260 n.2 (2d Cir. 2002) (observing that a defendant who "fail[s] to raise [a] venue challenge in a pre-answer motion or responsive pleading . . . is deemed to have waived any objection to venue"). For that reason, the Court reaches the merits of LearningResponse's motion even though, for the reasons discussed below, it concludes that transfer is warranted.

[3] In conjunction with his opposition to Defendants' motions, Burlingame filed "affirmations" alleging additional facts. *See* ECF Nos. 48, 49. It is well established, however, that a district court may not consider extrinsic evidence in ruling on a Rule 12(b)(6) motion. *See, e.g.*, *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000). Nor may a plaintiff amend his complaint through his papers opposing a motion to dismiss. *See, e.g.*, *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). Accordingly, in considering whether Burlingame states a claim, the Court declines to consider his extrinsic evidence.

CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (citing cases); *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013).

For their part, the Aurora Hill Defendants raise two threshold challenges to the Court's jurisdiction: that there was invalid service and that venue is improper.  *See* ECF No. 46 ("Aurora Hill Mem."), at 2-8; *see also, e.g.*, *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 385 (S.D.N.Y. 2010) ("[I]t is hornbook law that venue and personal jurisdiction are threshold procedural issues to be decided before the substantive grounds in a motion to dismiss."); *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 409 (2017) ("[A]bsent consent, a basis for service of a summons on the defendant is prerequisite to the exercise of personal jurisdiction.").  In general, courts address issues of personal jurisdiction — such as service — before addressing venue, but "a court may reverse the normal order of considering personal jurisdiction and venue" if "there is a sound prudential justification for doing so."  *Basile*, 717 F. Supp. 2d at 385; *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979).  Here, there is a sound prudential reason to start with venue: Burlingame fails to address it at all.  That is, Burlingame fails to contest — or even mention — the Aurora Hill Defendants' motion to dismiss his Amended Complaint for improper venue in either his memorandum of law in opposition or his accompanying affirmations.  *See generally* ECF No. 50 ("Pl.'s Mem."); ECF Nos. 48, 49.  It is well established that, on a motion to dismiss for improper venue under Rule 12(b)(3), the burden is on the plaintiff to make a *prima facie* showing of venue.  *See U.S. Commodity Futures Trading Comm'n v. Wilson*, 27 F. Supp. 3d 517, 536 (S.D.N.Y. 2014).  Burlingame, having failed to make any showing at all, has "effectively conced[ed]" the point.  *Cornetta v. Town of Highlands*, No. 18-CV-12070 (PMH), 2021 WL 4311170, at *3 (S.D.N.Y. Sept. 21, 2021).

That leaves the question of whether the case against the Aurora Hill Defendants should be dismissed, as they request, *see* Aurora Hill Mem. 5, or transferred. The relevant statute, 28 U.S.C. § 1406(a), provides that a district court "shall dismiss, or if it be in the interest of justice, transfer [a] case [laying venue in the wrong division or district] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). Exercising that discretion here, the Court concludes that transfer is warranted. *See, e.g.*, *Ne. Landscape & Masonry Assocs., Inc. v. State of Conn. Dep't of Lab.*, No. 14-CV-9104 (KMK), 2015 WL 8492755, at *5 (S.D.N.Y. Dec. 10, 2015) ("[I]n most cases of improper venue the courts conclude that it is in the interest of justice to transfer."); *P.C. v. Driscoll*, No. 24-CV-2496 (LJL), 2025 WL 104522, at *10 (S.D.N.Y. Jan. 15, 2025) (exercising discretion to transfer rather than dismiss a case given certain relevant factors, including the possibility that the statute of limitations may have run); *see also, e.g.*, *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (per curiam) (expressing a strong preference for resolving cases on the merits). Specifically, the Court hereby TRANSFERS the case to the United States District Court for the Northern District of Ohio — the federal district containing Aurora, Ohio, where most of the Aurora Hill Defendants appear to be domiciled. *See* Aurora Hill Mem. 7-8.

The Court otherwise denies the Aurora Hill Defendants' motions to dismiss without prejudice to renewal. That said, the Court notes that it has serious doubts about whether service on the Aurora Hill Defendants was sufficient. *See id.* at 2-5. There is no dispute that service was defective under Rule 4 of the Federal Rules of Civil Procedure because summonses were never officially issued, let alone signed and sealed by the Clerk of Court. *See* Pl.'s Mem. 9-11; ECF No. 1-2. Burlingame also does not contest that the unsigned summons attached to the Complaint

4

listed only one Defendant, ARGO Private Client Group.  *Id.*; Aurora Hill Mem. 4; ECF No. 1-2.  At the same time, technical, non-substantive, errors in a summons do not necessarily render service invalid.  *See, e.g.*, *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 65 (S.D.N.Y. 2010); *Durant v. Traditional Invs., Ltd.*, No. 88-CV-9048 (PKL), 1990 WL 33611, at *4 (S.D.N.Y. Mar. 22, 1990); *Macaluso v. N.Y. State Dep't of Env't Conservation*, 115 F.R.D. 16, 17 (E.D.N.Y. 1986).  That said, "where the error actually results in prejudice to the defendant or demonstrates a flagrant disregard of Rule 4, service will be considered invalid and amendment need not be allowed." *DeLuca*, 695 F. Supp. 2d at 65; *see also* 4A *Wright & Miller's Federal Practice and Procedure* § 1088 (4th ed. 2018).  And courts in the Second Circuit "are split as to whether an unsigned and unsealed summons is a technical defect or a flagrant disregard of Rule 4." *DeLuca,* 695 F. Supp. 2d at 65 (collecting cases).  Under these circumstances, the Court will leave it to the transferee court to decide the issue — presumably under the law of the Sixth Circuit — or to consider whether Burlingame should be granted a *nunc pro tunc* extension of time to serve.

The Court will also leave it to the transferee court to address another issue of concern: Plaintiff counsel's mischaracterization of multiple cases and his citation to at least one case that may not exist.  In opposing LeadingResponse's motion to dismiss, Plaintiff's counsel wrote that "[c]ourts have consistently recognized that unjust enrichment claims may proceed in parallel with securities fraud claims where a defendant benefits from its role in a deceptive offering" and cited "*Midlantic Nat'l Bank v. Havens*, 1994 WL 760822, at *4 (S.D.N.Y. Dec. 27, 1994) (unjust enrichment available where party received funds procured by fraud)" and "*In re Refco Inc. Sec. Litig.*, 826 F. Supp. 2d 478, 512 (S.D.N.Y. 2011) (finding unjust enrichment adequately pled where defendant received compensation for facilitating unlawful transactions)."  ECF No. 48-1,

5

at 17. *In re Refco*, however, does not even mention unjust enrichment. *See* ECF No. 53, at 10. Even more troubling, *Midlantic* does not appear to exist at all. *See id.* Meanwhile, in opposing the Aurora Hill Defendants' motion, Plaintiff's counsel included quotations from *In re Vivendi Universal, S.A. Sec. Litig.*, 838 F.3d 223, 250 (2d Cir. 2016), and *In re Parmalat Sec. Litig.*, 479 F. Supp. 2d 332, 339 (S.D.N.Y. 2007), that appear nowhere in those decisions. *See* ECF No. 50, at 7-8.[4] These failings suggest yet another instance of a lawyer relying on artificial intelligence without checking for the well-known problem of "hallucinations," and, if the Court were not transferring the case, it would order Plaintiff's counsel to show cause why sanctions should not be imposed. *See, e.g.*, *United States v. Cohen*, No. 18-CR-602 (JMF), 2023 WL 8635521, at *1 (S.D.N.Y. Dec. 12, 2023). But the Court will leave the decision of what, if any, actions to take in response to these troubling circumstances to the transferee court.

For the foregoing reasons, LeadingResponse's motion to dismiss is GRANTED; what remains of the case is TRANSFERRED to the United States District Court for the Northern District of Ohio; and the Aurora Hill Defendants' motion is otherwise DENIED, albeit without prejudice to renewal **within thirty days of the transfer** to the Northern District of Ohio (unless the transferee court provides otherwise). The Clerk of Court is directed to terminate ECF Nos. 43 and 45, to terminate LeadingResponse as a Defendant, to transfer the case to the United States District Court for the Northern District of Ohio, and to close the case on this docket.

SO ORDERED.

Dated: December 17, 2025
New York, New York

JESSE M. FURMAN
United States District Judge

---

[4] The Court has not exhaustively checked all of the citations in Burlingame's papers. Thus, for all the Court knows, these are merely examples of a broader problem.