**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DAVID BURLINGAME, | CASE NO. 5:25-CV-02800-JRA |
| Plaintiff, | |
| vs. | DISTRICT JUDGE JOHN R. ADAMS |
| | MAGISTRATE JUDGE AMANDA M. KNAPP |
| ARGO PRIVATE CLIENT GROUP LTD, ET AL., | |
| Defendants. | **REPORT AND RECOMMENDATION** |

Before the Court are a Motion to Dismiss (ECF Doc. 64) and Motion for Sanctions (ECF Doc. 78) filed by Defendants Argo Private Client Group LTD ("Argo"), Aurora Hill, LTD ("Aurora Hill"), Beechwood Investors Group, LLC ("Beechwood Investors"), Suede Nights, LLC ("Suede Nights"), Daniel Miller ("Mr. Miller"), Allison Miller ("Ms. Miller"), and Ryan Nelson ("Mr. Nelson") (collectively, "Aurora Hill Defendants").  The Motion to Dismiss is fully briefed and ripe for decision.  (ECF Docs 69, 74.)  Plaintiff David Burlingame ("Plaintiff" or "Mr. Burlingame") did not file a timely brief in opposition to the Motion for Sanctions, but did file a motion for extension of time to respond to the Motion for Sanctions and a "Cross Motion Application" (ECF Doc. 84), which the Aurora Hill Defendants opposed (ECF Doc. 87).

1

Without being granted leave to file the brief in opposition, Plaintiff has also filed a document that purports to be both a Memorandum of Law in Opposition to Defendants' Motion for Sanctions (ECF Doc. 85) and a Cross-Motion for Leave to File a Second Amended Complaint (*id.*; ECF Docs. 85-1, 85-2, 85-3).  The Aurora Hill Defendants filed a Motion to Strike that filing as immaterial and impertinent.  (ECF Doc. 86.)

The case was referred to the undersigned for general pretrial supervision, including a report and recommendation on dispositive motions.  (ECF Doc. 72.)  For the reasons set forth below, the undersigned recommends that the Court **GRANT** the Motion to Dismiss (ECF Doc. No. 64), **DISMISS** the Amended Complaint (ECF Doc. 42) without prejudice as to the Aurora Hill Defendants, and **DENY** the Aurora Hill Defendants' Motion for Sanctions (ECF Doc. 78), Plaintiff's untimely motion for extension of time to file a brief in opposition to the Motion for Sanctions (ECF Doc. 84), Plaintiff's Cross-Motion for Leave to File a Second Amended Complaint (ECF Doc. 85), and the Aurora Hill Defendants' Motion to Strike (ECF Doc. 86). The undersigned also recommends that the Court **DISMISS** the claims against Defendant Derek Scarborough in the Amended Complaint (ECF Doc. 42) sua sponte for failure to prosecute or, in the alternative, **ORDER** Plaintiff to show cause why the claims against Mr. Scarborough should not be dismissed for failure to prosecute.

### I. Background

### A. Procedural History

Plaintiff filed his initial Complaint with Jury Demand in the federal district court for the Southern District of New York ("SDNY") on February 27, 2025.  (ECF Doc. 1.)  The original complaint named seven Defendants: all of the Aurora Hill Defendants, Leading Response, LLC ("Leading Response"), and Derek Scarborough ("Mr. Scarborough").  (*Id*. at p. 1.)  Plaintiff

2

alleged that the defendants engaged in a fraudulent investment scheme whereby they induced him to enter into an investment agreement through intentional misrepresentations and caused him substantial financial loss.  (*Id*. at pp. 2-16.)  He brought claims for breach of contract, fraudulent misrepresentation, "Ponzi scheme," unjust enrichment, fraudulent conveyance, and violations of the Securities Exchange Act of 1934, the Investors Advisers Act of 1940, and the Racketeer Influenced and Corrupt Organizations Act ("RICO").  (*Id*. at pp. 16-29.)

The Complaint was accompanied by one summons, addressed to Defendant Argo.  (ECF Doc. 1-2.)  On February 28, 2025, the SDNY Clerk of Court issued a notice stating that Plaintiff's request for issuance of summons was deficient for multiple reasons and should be re-filed.  (Non-Doc. Notice, dated 2/28/2025.)  Plaintiff did not refile his request for issuance of summons as instructed, and the SDNY Clerk accordingly did not issue a summons containing the Clerk's signature and the court's seal for Plaintiff to serve on any of the named defendants.

On March 23, 2025, Plaintiff filed affidavits of service indicating that he served copies of a summons and the Complaint on defendants Mr. Miller, Aurora Hill, Ms. Miller, Beachwood Investors, and Suede Nights.  (ECF Docs. 4, 5, 6, 8, 9.)  According to the affidavits of service, Mr. Miller or "the registered rep, who is designated by law to accept service of process" accepted service at 735 Wheatfield Drive in Aurora, Ohio on behalf of Aurora Hill, Mr. Miller, Ms. Miller, Beachwood Investors, and Suede Nights.  (ECF Docs. 4, 5, 6, 8, 9.)  Plaintiff also filed an affidavit of service on Leading Response.  (ECF Doc. 7.)

On April 3, 2025, Leading Response appeared through counsel and filed a Motion to Dismiss for failure to state a claim.  (ECF Docs. 11, 12.)  Plaintiff responded to the motion. (ECF Doc. 16.)  On May 3, 2025, Plaintiff requested a certificate of default as to defendants

Argo, Aurora Hill, Mr. Miller, Ms. Miller, Beachwood Investors, and Suede Nights for failing to answer the Complaint within 21 days of service.  (ECF Doc. 19.)

On May 5, 2025, the SDNY court ordered Plaintiff to file a motion for default judgment within two weeks and to serve the court's order on the Aurora Hill Defendants.  (ECF Doc. 20.) On May 12, 2025, Plaintiff filed an affidavit of service on Argo, which stated that service was accepted by "registered rep jihn doe" at the Wheatfield Drive address on March 20, 2026.  (ECF Doc. 21.)   Also on May 12, Plaintiff filed affidavits stating that he served the court's May 5, 2026 order on Argo, Aurora Hill, Mr. Miller, Ms. Miller, Beachwood Investors, and Suede Nights by mailing them to the Wheatfield Drive address.  (ECF Docs. 22-27.)

On May 16, 2025, the court granted attorney Jay Frederick Crook's motion to appear pro hac vice on behalf of the Aurora Hill Defendants.  (ECF Docs. 17, 28.)  On May 19, 2025, Plaintiff filed a motion for default judgment against the Aurora Hill Defendants.  (ECF Doc. 29.)

The Aurora Hill Defendants filed a motion to dismiss the Complaint on May 23, 2025, alleging improper venue, failure of service, and failure to state a claim.  (ECF Doc. 37.)  The court denied Plaintiff's motion for default judgment on May 29, noting that Plaintiff withdrew the motion after the Aurora Hill Defendants appeared in the case, and ordered Plaintiff to either respond to the Aurora Hill Defendants' motion to dismiss or amend the Complaint to address the issues identified in the motion.  (ECF Doc. 41.)

Plaintiff filed an Amended Complaint on June 23, 2025.  (ECF Doc. 42.)  The Amended Complaint continued to identify Leading Response and Derek Scarborough as defendants in the case caption (id. at p. 1) but did not list either as a defendant in the text of the pleading (id. at pp. 5-6) or discuss them in the supporting factual allegations (id. at pp. 7-9).  Otherwise, the Amended Complaint largely reiterated the Complaint's claims against the Aurora Hill

4

Defendants.  (*Id*. at pp. 7-22.)  Leading Response filed a motion to dismiss the Amended Complaint on July 11, 2025 (ECF Docs. 43, 44), and the Aurora Hill Defendants filed a motion to dismiss the Amended Complaint on July 14, 2025 (ECF Docs. 45, 46).  In their motion, the Aurora Hill Defendants argued that venue was not proper in SDNY and that the case should be dismissed based on failure of service and failure to state a claim.  (*See* ECF Docs. 45, 46.)  The motions to dismiss the original Complaint were denied as moot.  (ECF Doc. 47.)

Following briefing on the motions to dismiss the Amended Complaint, the SDNY court issued an order disposing of the case as follows: Leading Response's motion to dismiss was granted; the case was transferred to the United States District Court for the Northern District of Ohio ("NDOH"); and the Aurora Hill Defendants' motion to dismiss was otherwise denied without prejudice to renewal within 30 days of transfer.  (ECF Doc. 60.)

The case was transferred to this Court on December 30, 2025.  (ECF Doc. 61.)  On January 29, 2026, the Aurora Hill Defendants filed the pending Motion to Dismiss and memorandum in support.  (ECF Doc. 64.)  On March 3, 2025, Plaintiff filed a memorandum of law in opposition to the Motion to Dismiss (ECF Doc. 68) and "Objections and Opposition Argument to Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(5) & FRCP 12(b)(6)" (ECF Doc. 69).  On March 19, 2026, the Aurora Hill Defendants filed a reply in support of the Motion (ECF Doc. 74) and a "Response in opposition to plaintiff's objections and opposition argument to defendant's motion to dismiss for failure to state a claim" (ECF Doc. 75).

On April 10, 2026, 407 days after filing the Complaint and 291 days after filing the Amended Complaint, Plaintiff filed a praecipe for issuance of original summons with the NDOH Clerk of Court.  (ECF Doc. 76.)  Plaintiff attached summonses addressed to Argo, Ms. Miller, Aurora Hill, Beachwood Investors, Mr. Nelson, Mr. Miller, and "Argo Futures Group, Inc., d/b/a

Argo Private Client Group, LTD."  (ECF Doc. 76-1.)  Plaintiff did not include a summons addressed to Suede Nights or to Derek Scarborough.  (*See id*.)  The Clerk's office issued signed and sealed copies of the requested summonses on April 13, 2026.  (ECF Doc. 77.)  On May 22, 2026, the Clerk's office filed notices of service by certified mail on Argo, Ms. Miller, Aurora Hill, Beachwood Investors, Mr. Nelson, Mr. Miller, and Argo Futures Group, Inc., c/o Argo Private Client Group, LTD.  (*See* Non-doc Notices, dated 5/22/2026.)  As of the date of this Report and Recommendation, the Clerk's Office has filed returns of service executed by Mr. Miller and Mrs. Miller.  (ECF Docs. 79, 81.)  The Clerk's Office has further filed notice of attempted service on Aurora Hill, Beachwood, and Mr. Nelson.  (ECF Docs. 80, 82, 83.)

## II.     Motion to Dismiss

The Aurora Hill Defendants now move to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), which provide for the dismissal of an action based on insufficient service of process and failure to state a claim upon which relief may be granted, respectively.  Fed. R. Civ. P. 12(b)(5), (6).  (*See* ECF Doc. 64.)  For the reasons set forth below, the undersigned recommends that the Court grant the motion to dismiss for insufficient process under Rule 12(b)(5) and dismiss all claims against the Aurora Hill Defendants in the Amended Complaint without prejudice.[1]

A few procedural notes are appropriate before addressing the merits of the Rule 12(b)(5) Motion.  First, this Court's Local Rules provide only for the filing of a memorandum in opposition to a motion and a reply memorandum.  *See* Local Rule 7.1(d), (e).  Plaintiff's "Objections and Opposition Argument" (ECF Doc. 69) is effectively a second memorandum in opposition and was filed without leave of Court.  The undersigned therefore **STRIKES** both

---

[1] Because dismissal is recommended under Rule 12(b)(5), the undersigned does not address the Aurora Hill Defendants' alternative motion to dismiss the Amended Complaint under Rule 12(b)(6).

Plaintiff's "Objections and Opposition" (ECF Doc. 69) and the Aurora Hill Defendants' reply to that filing (ECF Doc. 75) and does not consider arguments from those filings below.

Second, the undersigned notes that the Aurora Hill Defendants' arguments regarding the sufficiency of service of process in their Rule 12(b)(5) motion challenge both the form of the relevant summonses and the manner of attempted service.  (*See* ECF Doc. 64-1, pp. 1-5.)  While Rule 12(b)(5) does govern motions "challeng[ing] the mode of serving the summons and complaint," a motion challenging "the form of process [under Rule 4] rather than the manner or method of service" is technically governed by Rule 12(b)(4).  *See Garcia v. Rushing*, No. 4:11CV00734, 2012 WL 646061, at *1 (N.D. Ohio Feb. 28, 2012) (quoting *Ericson v. Pollack*, 110 F. Supp. 2d 582, 584 (E.D. Mich. 2000) (Rule 12(b)(4)); citing *Nafziger v. McDermott Int'l., Inc.*, 467 F.3d 514, 520-21 (6th Cir. 2006) (Rule 12(b)(5))).  While the two rules are distinct, "[c]ourts generally treat Rule 12(b)(4) and (5) as more or less interchangeable." *QFS Transportation, LLC v. Huguely*, No. 1:21-CV-00769, 2022 WL 377811, at *4, n. 19 (S.D. Ohio Feb. 8, 2022) (quoting *Shelby v. PeopleReady*, No. 3:18-cv-00611, 2019 WL 2814668, at *1 (M.D. Tenn. June 4, 2019), *report and recommendation adopted*, 2019 WL 2764070 (M.D. Tenn. July 2, 2019)); *see also* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353, n. 7 (4th ed.) (collecting cases where courts applied the applicable rule— 12(b)(4) or 12(b)(5)—despite parties seeking relief under the other rule).  The undersigned accordingly considers all the Aurora Hill Defendants' arguments regarding the sufficiency of process, regardless of whether they are technically governed by Rule 12(b)(4) or Rule 12(b)(5).

**A.      Plaintiff Failed to Timely Serve the Aurora Hill Defendants Under Rule 4(m)**

The Aurora Hill Defendants assert in the pending motion that they were not properly served with the Amended Complaint.[2]  (ECF Doc. 64, pp. 1, 3; ECF Doc. 64-1, pp. 3-5.)  Since the motion was filed, the Clerk's Office has filed notices of service on the Aurora Hill Defendants by certified mail (with the exception of Suede Nights) and has executed returns of service for some defendants.  (*See* Non-doc Notices, dated 5/22/2026).  Because that activity occurred well beyond the 90-day period provided for service under Federal Rule of Civil Procedure 4(m), the undersigned must begin by assessing whether Plaintiff completed effective service on the Aurora Hill Defendants within 90 days of filing the original Complaint.  For the reasons set forth below, the undersigned finds they did not.

**1.      Legal Requirements for Service of Process**

Rule 4 sets forth the requirements for service on individual and corporate defendants.  To serve an individual, a plaintiff must either follow Ohio law or do one of the following with the summons and Complaint: (1) deliver a copy to the individual personally, (2) leave a copy at the individual's "dwelling or usual place of abode" with a suitable person, or (3) deliver a copy to an agent authorized by appointment or law to receive service.  *See* Fed. R. Civ. P. 4(e).  To serve a corporation within the United States, a plaintiff must either follow Ohio law or deliver a copy of the summons and Complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1).

---

[2] They also argue that Plaintiff attempted to defraud the court by falsely claiming to be a resident of New York and "falsified service" when his attorney swore that he served all parties.  (ECF Doc. 64, pp. 1-2; ECF Doc. 74, pp. 3-6.) Because dismissal is appropriate due to the lack of timely and valid service, these arguments need not be addressed.

Rule 4 further requires that a summons be signed by the clerk of court and bear the court's seal.  Fed. R. Civ. P. 4(a)(1)(F), (G).  To obtain the clerk's signature and the court's seal, a plaintiff may present a summons to the clerk "[o]n or after filing the complaint."  Fed. R. Civ. P. 4(b).  "If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served."  *Id*.

Rather than being "some mindless technicality," the Sixth Circuit has explained that proper service of process is an essential prerequisite to the federal courts gaining personal jurisdiction over defendants.  *Friedman v. Est. of Presser,* 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson,* 826 F.2d 698, 704 (7th Cir. 1987)); *see King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant.") (citations omitted).

Of relevance here, courts in this circuit have held that "failure to serve [a] defendant with a signed and sealed summons cannot be regarded as a mere oversight that warrants perfunctory amendment."  *United States v. Nat'l Muffler Mfg., Inc.*, 125 F.R.D. 453, 455 (N.D. Ohio 1989). This is because the provisions of Rule 4 "are designed to assure a defendant that the summons was issued by the clerk of court and not by plaintiff or plaintiff's attorney."  *Id.*  Courts have accordingly found service invalid when a summons was not signed and sealed by the clerk.  *See, e.g., id.* at 455-57 (quashing service of process based on errors that included failure to serve a signed and sealed summons); *Staffeld v. Univ. Paris Panthenon-Assas*, No. 24-13472, 2025 WL 2448472, at *2 (E.D. Mich. Aug. 25, 2025) (finding service invalid where the plaintiff failed to issue summonses bearing the court's seal and the clerk's signature); *Cox by & through Cox v. Hocking Coll. Bd. of Trs.,* No. 2:23-CV-1598, 2024 WL 2094369, at *2 (S.D. Ohio Apr. 25,

9

2024) (same); *Hawkins v. United States*, No. 3:22-cv-00698, 2024 WL 4887551, at \*4 (M.D. Tenn. May 6, 2024) ("The summonses [the plaintiff] filed without the Clerk's signature or the Court's seal are invalid."), *report and recommendation adopted*, 2024 WL 4886053 (M.D. Tenn. Nov. 22, 2024); *Byrd v. JP Morgan Chase*, No. 2:18-CV-506, 2018 WL 11432505, at \*1 (S.D. Ohio Dec. 13, 2018) (dismissing case for failure to timely effect service under Rule 4(m) where the plaintiff attempted to serve a summons without the court's seal and clerk's signature).

A plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)); *see* Fed. R. Civ. P. 4(c)(1).

With respect to the timing for valid service of process, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service must be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m). Thus, "[i]f a plaintiff demonstrates good cause for the failure to timely serve process, the court must extend the time for service." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (citing Fed. R. Civ. P. 4(m)). But if the plaintiff is not able to establish good cause, the court must either (1) dismiss the action without prejudice, or (2) direct that service be perfected within a specified time. *Id.* (citing *Henderson v. United States*, 517 U.S. 654, 662-63 (1996)); *see also Stewart v. Tennessee Valley Auth.,* 238 F.3d 424, 2000 WL 1785749, at \*1 (6th Cir. 2000) (table opinion); *Reo v. Manasseh Jordan Ministries, Inc.*, No. 1:25-CV-00290, 2026 WL 835582, at \*2-3 (N.D. Ohio Mar. 26, 2026)

10

**2.      Plaintiff Did Not Obtain and Serve Valid Summonses Within 90 Days**

The first question under Rule 4(m) is whether Plaintiff properly served the Aurora Hill Defendants within 90 days of filing the Complaint.  The Aurora Hill Defendants argue Plaintiff failed to do so because he did not obtain a valid summons issued by the SDNY Clerk and failed to properly effectuate service on the Aurora Hill Defendants.  (ECF Doc. 64-1, p. 3.)  They identify the following errors: Plaintiff only attached one summons to the Complaint; the SDNY Clerk rejected that summons; Plaintiff did not obtain signed and sealed summonses issued by the Clerk upon filing suit; Plaintiff served Ms. Miller, Aurora Hill, Beachwood Investors, and Suede Nights via Mr. Miller at the Wheatfield Drive address, which is not the proper address for any of the corporate defendants or for Ms. Miller; and the summons provided to Mr. Miller was captioned for a case out of Alabama.[3]  (*Id*. at pp. 4-5; ECF Doc. 74, pp. 3-6.)  Thus, they argue Plaintiff's initial attempts at service of process were insufficient because the Clerk did not issue signed and sealed summonses and because Plaintiff did not serve the corporate defendants or Ms. Miller at the proper addresses.  (ECF Doc. 64, p. 3; ECF Doc. 64-1, pp. 4-5.)

Plaintiff's memorandum in opposition does not dispute the Aurora Hill Defendants' central arguments regarding the adequacy of his attempts at service in the first 90 days.  (*See* ECF Doc. 68, pp. 5-12.)  It is clear from the record that Plaintiff submitted a single summons addressed to Argo, which was rejected by the SDNY Clerk due to filing errors.  (*See* Non-doc Notice, dated 2/28/2025.)  Plaintiff also does not dispute that he received notice of the filing error and does not assert that the Clerk signed and sealed the summonses he purportedly served on Mr. Miller, Aurora Hill, Ms. Miller, Beachwood Investors, Suede Nights, and Argo through delivery to Mr. Miller at his home address.  (*See* ECF Docs. 4, 5, 6, 8, 9, 21.)  He also does not

---

[3] The Aurora Hill Defendants did not provide a copy of the summons delivered to Mr. Miller, nor did Plaintiff include a copy with his proof of service on Mr. Miller (ECF Doc. 4).

claim to have attempted service on Mr. Nelson, and the record does not contain evidence indicating Mr. Nelson was served by any means before the case was transferred.

The undersigned accordingly finds that Plaintiff's attempts at serving the Aurora Hill Defendants within 90 days of filing the Complaint were defective in that: Plaintiff did not present a summons for each defendant to the SDNY Clerk for signing and sealing; the SDNY Clerk did not issue any signed or sealed summonses to Plaintiff; although Plaintiff attempted service on Mr. Miller, Aurora Hill, Ms. Miller, Beachwood Investors, Suede Nights, and Argo, he could not have attached properly signed and sealed summonses; and Plaintiff did not serve Mr. Nelson at all.  *See* Fed. R. Civ. P. 4(a)(1)(F), (G), and (b).

It is Plaintiff's burden to perfect service of process and to show that proper service was made within the timeframe set forth in the Federal Rules.  *See Sawyer*, 18 F. App'x at 287 (citing *Stone*, 94 F.3d at 219); Fed. R. Civ. P. 4(c)(1).  As described above, Plaintiff has neither argued nor shown that proper service was made within the 90-day period required by the Federal Rules.[4] Because Plaintiff did not obtain valid summonses that were signed and sealed by the SDNY Clerk of Court, the undersigned concludes that Plaintiff did not—and indeed could not—serve valid summonses on the Aurora Hill Defendants within 90 days of filing the Complaint.[5]

Plaintiff's citations to *Freidman v. Estate of Presser*, 929 F.2d 1151 (6th Cir. 1991), and *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345 (6th Cir. 2003), do not alter this analysis.  (*See* ECF Doc. 68, pp. 8, 10-12.)  While Plaintiff cites *Freidman* for the proposition that "the central purpose of service is to provide notice and an opportunity to defend" and that

---

[4] Indeed, suggesting just the opposite, Plaintiff asserted in response to the motion to dismiss that he "stands prepared to effect proper service under Rule 4" (ECF Doc. 68, p. 13) and has since attempted to do so, as detailed above.

[5] Having found Plaintiff did not possess any valid summonses for service, the undersigned need not consider Defendants' additional arguments regarding the adequacy of Plaintiff's attempts at service of process.

"dismissal for technical deficiencies is strongly disfavored" when "a defendant has actual notice of a lawsuit and has appeared to defend it" (*id.*), the Sixth Circuit in *Freidman* actually observed that "[f]or the great majority of courts . . . actual knowledge of the law suit does not substitute for proper service of process," *id.* at 1155 (collecting cases) and found that the "district court erred in its determination that actual knowledge of the action cured a technically defective service of process," *id.* at 1156 (citations omitted).  Applying an earlier version of Rule 4, the Sixth Circuit concluded that dismissal was required based on the defective service "[a]bsent a showing of good cause[.]"  *Id.* at 1157.  Thus, the Sixth Circuit's holding in *Friedman* is antithetical to Plaintiff's argument.  *See also Duwe v. Montgomery*, No. 3:25-CV-099, 2025 WL 1651972, at *3 (S.D. Ohio June 11, 2025), *report and recommendation adopted*, 2025 WL 1792713 (S.D. Ohio June 30, 2025) (dismissing case, citing *Friedman*, and rejecting argument that defendants waived complaints about service because they had actual notice and filed a motion to dismiss).

Plaintiff's citation to *O.J. Distributing* does not fare any better.  (*See* ECF Doc. 68, pp. 8, 11, 12.)  While Plaintiff cites the case for the proposition that "dismissal for technical defects in service is disfavored, particularly in the absence of demonstrated prejudice," in situations where "a defendant has actual notice of the lawsuit and has appeared to defend it" (*id.* at p. 8), the Sixth Circuit in *O.J. Distributing* actually held that a "court must set aside an entry of default" if it finds "service of process was not proper," 340 F.3d at 353, *abrogated on other grounds by Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), and concluded that the district court did not err in setting aside an entry of default based upon its finding that the plaintiff "had not properly effected service of process on [the] [d]efendant," *id.* at 355.  *O.J. Distributing* thus does not support or stand for any of the propositions for which Plaintiff has cited the case.  The undersigned therefore concludes that Plaintiff's arguments that his initial invalid service should

13

be excused as a "technical defect" because the Aurora Hill Defendants had actual notice of the lawsuit and filed various motions to dismiss must fail. [6]

Because Plaintiff failed to perfect service on the Aurora Hill Defendants within 90 days of filing the Complaint, this Court must next consider whether Plaintiff has shown "good cause" for his failure to timely effectuate service of process. *See* Fed. R. Civ. P. 4(m). If good cause is shown, "the court must extend the time for service." *Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 568 (citing Fed. R. Civ. P. 4(m)). And if good cause is not shown, the court must either (1) dismiss the action without prejudice, or (2) direct that service be perfected within a specified time. *See id.* (citing *Henderson*, 517 U.S. at 662-63). The undersigned therefore considers next whether Plaintiff has shown "good cause" for his failure to timely serve the Aurora Hill Defendants.

**B.      Plaintiff Has Not Shown Good Cause for His Failure to Perfect Service Upon the Aurora Hill Defendants Within 90 Days of Filing the Complaint**

While Plaintiff did not show in response to the pending motion that he had served valid process on the Aurora Hill Defendants (*see* ECF Doc. 68), he did take steps perfect service after responding to the motion. On April 10, 2026, he filed a praecipe for issuance of original summons with the Clerk's Office, attaching a separate summons addressed to each of the Aurora

---

[6] Plaintiff's mischaracterizations of *O.J. Distributing* and *Freidman* appear to be examples of a broader pattern of inaccurate citations and case descriptions. In transferring the case to this Court, the SDNY court observed that Plaintiff's briefing contained both mischaracterizations of cases and a citation to at least one case that may not exist. (ECF Doc. 60, pp. 5-6.) The court further indicated that it would have ordered Plaintiff's counsel to show cause why sanctions should not be imposed if it were not transferring the case. (*Id.*) Upon reviewing the legal citations in Plaintiff's present memorandum in response (ECF Doc. 68), the undersigned also found improper case citations, including cases completely unrelated to the subject of the instant motion and propositions of law that were partially or completely unsubstantiated by the cases cited in support. In the event that this case is not dismissed, Plaintiff is cautioned that sanctions may be imposed under Federal Rule of Civil Procedure 11 if any party presents a claim, defense, and other legal contention that is not "warranted by existing law," including citations to non-existent cases and citations to existing cases for propositions that are not supported by the holdings in the case. *See* Fed. R. Civ. P. 11(b)(2), (c). Sanctions may include, but are not limited to, striking the offending document, imposing fines and fees, holding a party in contempt of court, dismissing a plaintiff's lawsuit, and striking a defense. *See id.*

Hill Defendants, except for Suede Nights.[7]  (ECF Docs. 76, 76-1.)  The Clerk's office then: issued signed and sealed copies of the summonses on April 13, 2026 (ECF Doc. 77); and filed notice on the docket on May 22, 2026, indicating copies of the summonses and complaint had been sent by certified mail to the identified defendants (Non-doc Notice, dated 5/22/2026).

Given these circumstances, some elements of service of process appear to have been completed for some defendants under Ohio's rules.  *See* Ohio Civ. R. 4.1(A)(1)(a) (providing for service by the clerk by means of certified mail); Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. (h)(1)(A).  But even if the form of service complied Ohio's rules, service still was not completed until May 22, 2026, at the earliest, 449 days after the Complaint was filed and almost a year after the 90-day service period under Rule 4(m) had expired.  This Court must therefore determine whether Plaintiff has shown "good cause" for the delay.  If good cause is shown, this Court must grant Plaintiff an extension of time to perfect service pursuant to Rule 4(m).

A showing of good cause "necessitates a demonstration of why service was not made within the time constraints."  *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994) (citations omitted).  "In general, good cause means 'a reasonable, diligent effort' at proper service."  *Savoie v. City of E. Lansing, Michigan*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022) (quoting *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (quoting *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004))).  "[C]ounsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause."  *Friedman*, 929 F.2d at 1157.  Lack of prejudice, actual notice, or ignorance of the rules are also insufficient.  *Johnson*, 835 F. App'x at 115; *see Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992).  It is a plaintiff's burden to establish good cause.  *Habib*, 15 F.3d at 73.

---

[7] He also attached a summons addressed to "Argo Futures Group, Inc., d/b/a Argo Private Client Group, LTD," an entity that is not named as a defendant.  (ECF Doc. 76-1.)

15

Examples of good cause include: "when the defendant intentionally evades service of process," *Friedman*, 929 F.2d at 1157; when service is not perfected due to court error, *Stone,* 94 F.3d at 220; or where a *pro se* plaintiff suffers from a serious illness, *Habib*, 15 F.3d at 73-75. "Common in all these examples is that something outside the plaintiff's control prevents timely service." *Savoie*, 2022 WL 3643339, at *4.

Here, Plaintiff neither argues nor demonstrates that he had good cause for failing to perfect service within 90 days of filing the Complaint, and nothing in the record suggests he had good cause. Plaintiff's arguments that the Aurora Hill Defendants had actual notice of the case or that they will not suffer prejudice if the case continues are inapposite. *See Johnson*, 835 F. App'x at 115 ("Mere 'lack of prejudice and actual notice are insufficient,' [to show good cause] as are '[m]istake of counsel or ignorance of the rules.'") (citing, *inter alia*, *Moncrief*, 961 F.2d at 597). The undersigned therefore finds that Plaintiff has not met his burden to show "good cause" for delaying almost a year after the expiration of the 90-day service period under Rule 4(m) to serve process on the Aurora Hill Defendants. Without "good cause," this Court is not required to extend the time for service under Rule 4(m). *See* Fed. R. Civ. P. 4(m); *Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 568; *Infocision Mgmt. Corp. v. Found. for Moral L., Inc.*, No. 5:08 CV 1342, 2009 WL 9408837, at *3 (N.D. Ohio Apr. 24, 2009). The undersigned therefore turns to the final consideration under Rule 4(m), whether this Court should dismiss Plaintiff's claims against the Aurora Hill Defendants or exercise its discretion to extend the time for service.

## C.     The Court Should Not Exercise Its Discretion to Extend Time for Service

The Sixth Circuit has identified seven factors that district courts should consider when deciding whether to exercise discretion to extend the time for service under Rule 4(m):

(1) whether an extension of time would be well beyond the timely service of process;

16

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 569.

The first factor—whether the extension would be well beyond the time frame for timely service of process—weighs in favor of dismissal. This case was filed on February 27, 2025, over 15 months ago. (ECF Doc. 1.) And even though Plaintiff had notice via the Court's docket the very next day that the only summons he had filed was rejected by the Clerk due to a filing error, Plaintiff did not attempt to correct that deficiency in service (i.e., the lack of a summons bearing the Clerk's signature and the Court's seal) until April 10, 2026, over 400 days after he filed the Complaint. (*See* ECF Doc. 1; Non-doc Notice, dated 2/28/2025; ECF Doc. 76 (praecipe for issuance of summons, filed 4/10/2026).) Further, the Clerk's office did not file a notice of service until May 22, 2026, 449 days after the Complaint was filed and 359 days after the 90-day service period expired. (*See* Non-doc Notices, dated 5/22/2026.) Thus, even if Plaintiff could show that he perfected service by May 22, 2026, the extension of time required to make service effective would be almost a year beyond the expiration of Rule 4(m)'s 90-day timeline. Accordingly, the undersigned finds the first factor weighs in favor of dismissing the case.

17

As to the second factor—whether the extension would prejudice the defendant beyond "the inherent prejudice in having to defend the suit," *Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 569—the Aurora Hill Defendants have not meaningfully argued that they will suffer prejudice beyond that inherent to defending the suit if an extension of time is granted.  They assert that they were improperly "dragged into Court" in New York and "forced to defend against a Default Judgment based entirely on false claims," to their financial detriment.  (ECF Doc. 74, pp. 4, 6.)  Without more, the undersigned finds the second factor weighs in favor of extending time for service.

The third factor—whether the defendants had actual notice of the lawsuit—also weighs in favor of extending time for service.  The Aurora Hill Defendants appeared in the case through counsel on May 16, 2025 (ECF Docs. 17, 28) and filed their first motion to dismiss on May 23, 2025 (ECF Doc. 37).  The Aurora Hill Defendants therefore have had actual notice of the case for over a year, and this factor weighs in favor of extending time for service.

As to the fourth factor—whether a refusal to extend time would substantially prejudice the plaintiff, e.g., by rendering the lawsuit time-barred—Plaintiff has not argued or made any showing to suggest that he will be substantially prejudiced if the Court does not extend time for service.  (*See* ECF Doc. 68.)  Given that it is Plaintiff's burden to "show[] that proper service was made," *Sawyer*, 18 F. App'x at 287, and Plaintiff has made no showing of substantial prejudice, the undersigned finds the fourth factor weighs in favor of dismissal.

As to the fifth factor—whether the plaintiff made good faith efforts to effect service of process and was diligent in correcting deficiencies—Plaintiff has neither argued nor shown that he made good faith efforts to effect proper service or diligently corrected deficiencies.  On the contrary, the record clearly reflects that he was not diligent.  After filing one summons with the

18

SDNY Clerk in February 2025 and receiving notice that the filing was deficient, Plaintiff reported service of process on multiple defendants that could not have been valid, since the Clerk had not issued valid signed and sealed summonses for service on those defendants.  Thereafter, Plaintiff did not request properly signed and sealed summonses from the Clerk until April 2026, over a year after the first request for a summons was found deficient, despite motions to dismiss filed by the Aurora Hill Defendants in May 2025 (ECF Doc. 37), July 2025 (ECF Docs. 45, 46), and January 2026 (ECF Doc. 64), each asserting that Plaintiff failed to effect valid service of process.  While Plaintiff has taken some recent steps to effectuate valid service of process on the Aurora Hill Defendants (*see* ECF Docs. 76, 76-1, 77), these efforts began after the Aurora Hill Defendants filed three motions to dismiss, over 400 days after the Complaint was filed, 291 days after the Amended Complaint was filed, and 101 days after the case was transferred to this Court. These facts to not support a finding that Plaintiff made good faith efforts to timely serve process or was diligent in correcting deficiencies in service.  Accordingly, the undersigned finds that the fifth factor weighs in favor of dismissal.

The sixth factor—whether Plaintiff is a pro se litigant deserving additional latitude to correct defects in service—weighs in favor of dismissal, since Plaintiff is represented by counsel.

Finally, the seventh factor—whether any equitable factors might be relevant to the unique circumstances of the case—does not support dismissal or an extension of time because neither party has identified any "equitable factors" relevant to this case.  This factor is neutral.

In summary, the undersigned finds that the first, fourth, fifth, and sixth factors weigh in favor of dismissing the case, while the second and third factors weigh in favor of extending the time for service.  Neither party has identified "equitable factors" supporting either approach. Given Plaintiff's extreme delays in completing basic requirements for service, lack of good faith

19

efforts to timely complete service, lack of diligence in correcting defects in service, represented status, and failure to show substantial prejudice or equitable factors favoring an extension of time that would necessarily have to span at least one year of additional time, the undersigned concludes that dismissal without prejudice is the appropriate remedy.[8]

For all the reasons set forth above, the undersigned recommends that the Court **GRANT** the Aurora Hill Defendants' Motion to Dismiss for insufficient service of process under Federal Rules of Civil Procedure 12(b)(4) or 12(b)(5) and **DISMISS** all claims against the Aurora Hill Defendants in the Amended Complaint without prejudice.

### III.     Dismissal of Defendant Derek Scarborough

Should the Court adopt the undersigned's recommendation and dismiss all claims against the Aurora Hill Defendants, it appears that one defendant may technically remain in the case. Derek Scarborough is listed as a defendant on the docket, and the Complaint alleges that he conspired with the other defendants to defraud Plaintiff through a fraudulent investment scheme. (*See* ECF Doc. 1, pp. 13-14, 25-26.)  The Amended Complaint does not mention Mr. Scarborough, except to name him as a defendant in the case caption.  (*See* ECF Doc. 42.)  The docket further reflects that Plaintiff has not filed an affidavit of service as to Mr. Scarborough, does not mention Mr. Scarborough in any filings before this Court, and did not include a summons addressed to Mr. Scarborough in his recent praecipe for issuance of summons.  (*See* ECF Docs. 68, 69, 76.)

---

[8] Although the Aurora Hill Defendants have requested dismissal with prejudice (*see* ECF Doc. 64, p. 3), they have not provided legal support for such a request.  Rule 4(m) provides for dismissal without prejudice, and the undersigned is not aware of authority that would support dismissal with prejudice under that rule.  *See generally* Wright & Miller, *supra*, § 1353 ("As usually is true of other Rule 12(b) motions, a dismissal under Rule 12(b)(4) or 12(b)(5) is not on the merits[.]").  To the extent the Aurora Hill Defendants assert that dismissal with prejudice is appropriate as a sanction (*see* ECF Doc. 64-1, p. 5 (contending that dismissal with prejudice is warranted due to the "reckless and cavalier nature" of Plaintiff's actions); ECF Doc. 74, p. 6 (asserting that Plaintiff's attorney's actions "should be deemed sanctionable")), they also cite no legal authority for this proposition.

Rule 41(b) provides that if a plaintiff fails to prosecute a case or comply with the Federal Rules of Civil Procedure, an action may be dismissed on the defendant's motion. Fed. R. Civ. P. 41(b). Even absent a motion, the Supreme Court has held that courts have "inherent power" to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). And "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id.* at 632; *but see Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (noting that the Sixth Circuit has discouraged involuntary dismissal without notice in the absence of evidence of "'bad faith or contumacious conduct'") (quoting *Harris v. Callwood,* 844 F.2d 1254 (6th Cir. 1988)).

Here, the docket contains no evidence that Mr. Scarborough was served. The complaint was filed over 450 days ago, and Plaintiff has had many opportunities to file proof of service, request default judgment, or take any other action to pursue his claims against Mr. Scarborough. Instead, he filed an Amended Complaint that does not mention Mr. Scarborough and has failed to mention him in any subsequent filings. Accordingly, the undersigned finds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure regarding service of process and failed to prosecute or even raise any claims against Mr. Scarborough.

The undersigned therefore recommends that the Court **DISMISS** all claims against Mr. Scarborough. In the alternative, the undersigned recommends that the Court **ORDER** Plaintiff to show cause why all claims against Mr. Scarborough should not be dismissed.

### IV. Motions for Sanctions and to Extend Time

The undersigned next turns to the Aurora Hill Defendants' Motion for Sanctions (ECF Doc. 78) and Plaintiff's Motion for Extension of Time to respond to that motion (ECF Doc. 84). Federal Rule of Civil Procedure 11(c)(1) grants courts discretion to "impose an appropriate sanction" on an attorney or party "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." Rule 11 contains specific procedural requirements for party to follow when requesting such sanctions:

> *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). "Failure to comply with the safe-harbor provision precludes imposing sanctions on the party's motion." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997)).

On May 21, 2026, the Aurora Hill Defendants filed a Motion for Sanctions under Rule 11, asking the Court to impose sanctions on both Mr. Burlingame and his attorney, Kevin P. Krupnick, based on multiple allegations of misconduct in the filing and prosecution of this case. (ECF Doc. 78.) With their motion, the Aurora Hill Defendants attached a copy of what they call "a 21 day letter" (*id*. at p. 9) that was sent to Mr. Krupnick on March 20, 2026. (ECF Doc. 78-5.) The letter purports to serve "as official notice of the intention of [the Aurora Hill Defendants] to file for Rule 11 sanctions" against Plaintiff and his attorney and requires Plaintiff to dismiss all claims with prejudice by April 10, 2026, after which the Aurora Hill Defendants would file a motion for sanctions. (*Id*. at p. 1.)

22

The Aurora Hill Defendants appear to be referencing the "safe harbor" provision of Rule 11(c)(2), which requires a party seeking sanctions under Rule 11 to first serve the motion for sanctions upon the party against whom sanctions are sought pursuant to Rule 5, then wait 21 days before filing the motion with the court.  Fed. R. Civ. P. 11(c)(2).  This provision was promulgated "to allow the nonmovant a reasonable period to reconsider the legal and factual basis for his contentions and, if necessary, to withdraw the offending document."  *Penn, LLC*, 773 F.3d at 767 (citing Fed. R. Civ. P. 11(c) Advisory Committee Notes (1993 Amendments)).  To meet the requirements of the "safe harbor" provision, the Sixth Circuit has clarified that the moving party must formally serve a copy of their motion, and that it is insufficient to send an informal "warning letter."  *Id.* ("We have no doubt that the word 'motion' definitionally excludes warning letters. . ."); *see Jodway v. Orlans, PC*, 759 F. App'x 374, 384 (6th Cir. 2018) ("Defendants' warning letter does not satisfy Rule 11's safe-harbor requirement.").

The Aurora Hill Defendants have submitted evidence indicating they sent Plaintiff "a 21 day letter," but have not presented any evidence showing they formally served Plaintiff with their Motion for Sanctions as required by Rule 11(c)(2).  (*See* ECF Doc. 78, p. 9; ECF Doc. 78-5.)  This "[f]ailure to comply with the safe-harbor provision precludes imposing sanctions[.]"  *Penn, LLC*, 773 F.3d at 767 (citations omitted); *see Jodway*, 759 F. App'x at 384 (finding the district court abused its discretion by granting a motion for sanctions where the movant did not comply with the procedural requirements of the safe-harbor provision); *Ackley v. Howland Twp. Police Dep't*, No. 4:20CV0325, 2022 WL 605321, at *7 (N.D. Ohio Feb. 28, 2022), *aff'd sub nom. Ackley v. Twp. of Howland, OH Police Dep't,* No. 22-3229, 2023 WL 5970393 (6th Cir. Apr. 10, 2023) (denying a motion for sanctions where the movant did not present any evidence of complying with Rule 11's safe-harbor provision).  Accordingly, the

23

undersigned recommends that the Court **DENY** the Aurora Hill Defendants' Motion for Sanctions (ECF Doc. 78).

Having concluded that the Motion for Sanctions should be denied for the reasons set forth above, the undersigned further recommends that the Court **DENY** Plaintiff's untimely Motion for Extension of Time to respond to that motion (ECF Doc. 84)—which was filed after the deadline to oppose defendants' Motion for Sanctions had passed—as moot.

### V.      Motions to File a Second Amended Complaint and to Strike

Even though the Court had not yet ruled on Plaintiff's Motion to Extend Time to respond to the Aurora Hill Defendants' Motion for Sanctions (ECF Doc. 84), Plaintiff filed a document on June 29, 2026 that purports to be both a memorandum in opposition to the Motion for Sanctions and a "Cross-Motion for Leave to File a Second Amended Complaint" (ECF Doc. 85). The Aurora Hill Defendants responded on July 6, 2026, by filing a Motion to Strike Plaintiff's filing under Federal Rule of Civil Procedure 12(f) as "both immaterial and impertinent."  (ECF Doc. 86.)  Because the undersigned recommends above that all claims against the Aurora Hill Defendants be dismissed for insufficient service of process under Federal Rules of Civil Procedure 12(b)(4) or 12(b)(5), and because the filing of a Second Amended Complaint will not correct the errors in service that warrant dismissal, the undersigned recommends that the Court **DENY** both Plaintiff's Cross-Motion for Leave to File a Second Amended Complaint (ECF Doc. 85) and the Aurora Hill Defendants' Motion to Strike that filing (ECF Doc. 86).

### VI.      Recommendation

For the foregoing reasons, the undersigned recommends that the Court **GRANT** the Aurora Hill Defendants' Motion to Dismiss (ECF Doc. No. 64), **DISMISS** the Amended Complaint (ECF Doc. 42) without prejudice as to the Aurora Hill Defendants, and **DENY** the Aurora Hill Defendants' Motion for Sanctions (ECF Doc. 78), Plaintiff's untimely motion for

24

extension of time to file a brief in opposition to the Motion for Sanctions (ECF Doc. 84),

Plaintiff's Cross-Motion for Leave to File a Second Amended Complaint (ECF Doc. 85), and the

Aurora Hill Defendants' Motion to Strike (ECF Doc. 86).  The undersigned also recommends

that the Court **DISMISS** all claims against Defendant Derek Scarborough in the Amended

Complaint (ECF Doc. 42) sua sponte for failure to prosecute[9] or, in the alternative, **ORDER**

Plaintiff to show cause why the claims against Mr. Scarborough should not be dismissed for

failure to prosecute.  The undersigned also **STRIKES** Plaintiff's "Objections and Opposition"

(ECF Doc. 69) and the Aurora Hill Defendants' reply to that filing (ECF Doc. 75).

Dated:  July 8, 2026

> */s/ Amanda M. Knapp*
> AMANDA M. KNAPP
> United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

---

[9] If the Court does dismiss all claims against both the Aurora Hill Defendants and Defendant Scarborough, the entire action may be dismissed without prejudice.